434 So.2d 1144 (1983)
Paul J. LANDRY
v.
BATON ROUGE LUMBER COMPANY and Al Blue.
No. 82 CA 0050.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Thomas E. Balhoff and John W. Perry, Jr., Owen, Richardson, Taylor, Mathews & Atkinson, Baton Rouge, for plaintiff.
Ben W. Lightfoot, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for defendant-Baton Rouge Lumber Co.
Michael J. Uter, Perrault & Uter, Baton Rouge, for defendant-Al Blue.
Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
Defendant appealed the trial court's judgment finding it liable for the sale of defective cedar siding.
The issues on appeal are the proper application of the siding, the negligence of Baton Rouge Lumber Company and the availability of a redhibitory action against a vendor having no privity with the plaintiff.
We affirm.
Paul Landry, plaintiff, hired the defendant, Al Blue, as contractor, to provide the labor and materials necessary to build a camp. The plaintiff selected cedar siding from Baton Rouge Lumber Company and was informed by its representative that either the rough or the smooth surface of the siding could be exposed. The materials, including the siding, were delivered to the contractor, who was invoiced for them.
About two weeks after the contractor began installing the siding, he noticed that the siding applied with the smooth side out was "cupping and warping." He tried to renail the siding with a nail gun to solve the problem, but the siding split. Plaintiff and the contractor notified Baton Rouge Lumber of the problem, and a purchasing agent from that company was sent to inspect the siding. He testified that he noticed some cupping, and that the use of a nail gun for renailing was not a good method.
Plaintiff sued Baton Rouge Lumber for selling defective siding and, alternatively, *1145 the contractor for incorrect installation of the siding, and asked for the cost of replacement of the siding. The contractor answered, reconvened for the amount still owed under the contract with plaintiff and filed a third party demand against Baton Rouge Lumber. Baton Rouge Lumber answered the plaintiff and reconvened for the amount still owed by the contractor for material.
The parties stipulated that plaintiff still owed the contractor $6100.00 under their agreement, the contractor owed Baton Rouge Lumber Company $2,688.00 for material, and that plaintiff's cost of repairing the siding should not be reduced by the cost of the siding.
The signed judgment was in favor of the plaintiff, against Baton Rouge Lumber, in the amount of $12,758.95; in favor of the contractor against the plaintiff in the amount of $6100.00; and in favor of Baton Rouge Lumber against the contractor in the amount of $2688.00.
Baton Rouge Lumber's first argument, that the siding was not defective but was improperly applied, is without merit. The expert testimony indicated that exposure of the smooth side resulted in more cupping than the exposure of the rough side. Although "cupping" of the siding with the rough side exposed would still occur, the wood would move in the direction of the wall, rather than away from it. Other evidence indicated that the contractor properly nailed the siding, and that a nail gun and the nailing of the siding sheets together were tried only in an effort to remedy the problems. Although testimony was presented by representatives of Baton Rouge Lumber and the manufacturer that the siding had been satisfactorily applied in the past, we cannot say that the trial court's conclusion that the siding was defective, is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We agree with the argument of Baton Rouge Lumber that there was no negligence shown on their part. They represented the qualities of the siding in the same manner as the manufacturer. A seller is only required to perform routine, normal inspections upon receipt of a product, to check and discover those defects which are patent and obvious. Hebert v. Vice, 413 So.2d 342 (La.App. 3rd Cir.1982). We find no duty on the part of Baton Rouge Lumber to test the product and discover the "cupping" problem. This, however, does not necessarily result in the holding that Baton Rouge Lumber Company is not liable.
Baton Rouge Lumber next argues that the judgment in favor of the plaintiff was improper, since there is no contractual relationship between it and the plaintiff to support an action in redhibition. Although plaintiff's petition alleged that he had purchased the siding, a later stipulation, among the parties, indicated that the contractor actually purchased the siding.
Redhibition is the avoidance of a sale due to a defect in the thing sold, which renders its use so inconvenient that the buyer would not have purchased it had he known of the vice. La.C.C. art. 2520. The articles of the Civil Code on redhibition, La.C.C. arts. 2520, et seq., place on the vendor, an implied warranty that the object sold is suitable for its intended use. Wolf v. Flanagan, 333 So.2d 663 (La.App. 4th Cir.), writ refused, 337 So.2d 223 (La.1976).
A purchaser may be subrogated to the rights of his vendor and his vendor's warranty against redhibitory defects from prior vendors in a chain of title. DeSoto v. Ellis, 393 So.2d 847 (La.App. 2nd Cir.1981). La.C.C. art. 2503[1] also extends subrogation to the warranty against redhibitory vices. McEachern v. Plauche Lumber & Construction Co., 220 La. 696, 57 So.2d 405 (La.1952). *1146 Russell v. Bartlett, 139 So.2d 770 (La.App. 4th Cir. 1961). Thus a consumer without privity is allowed to recover against an original seller. Huffman-Euro Motors, Inc. v. Physical Therapy Services, Ltd., 373 So.2d 565 (La.App. 3rd Cir.1979).
Plaintiff is subrogated to the rights of his contractor in redhibition against Baton Rouge Lumber[2] who is liable as a manufacturer, since the manufacturer was not disclosed at the time of sale.[3]
There is reason to support the judgment as written. The transcript discloses that the court in oral reasons for judgment awarded plaintiff $12,758.95 less an offset of $6,100.00, so that the court was considering that judgment to be against the contractor only. Further judgment was to be in favor of Blue and against Baton Rouge Lumber Company less an offset of $2,688.00. After some discussion among counsel about the parties to be cast, the court suggested a conference. The judgment signed was approved as to form by all counsel, who evidently agreed as to the wording being well aware of what the court had said in the reasons for judgment. The argument now made about the absence of privity of contract is not consistent with the statements of the court and of counsel.
The appellant does not dispute the amount of the award.
For these reasons, the judgment is affirmed with costs assessed to the appellant.
AFFIRMED.
NOTES
[1] La.C.C. Art. 2503:

The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty.
But whether warranty be excluded or not the buyer shall become subrogated to the seller's rights and actions in warranty against all others.
[2] Although the agreement between the plaintiff and the contractor was probably a construction contract rather than a contract of sale, the right of subrogation still seems to apply under the facts in Moreno's, Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La. 1975).
[3] See Travelers Indemnity Co. v. Sears Roebuck & Co., 256 So.2d 321 (La.App. 1st Cir. 1971).