441 So.2d 497 (1983)
Roland V.McKNEELY, Jr., Plaintiff-Appellant,
v.
DON COLEMAN CONSTRUCTION CO., INC., et al., Defendants-Appellees.
No. 15851-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1983.
Rehearing Denied December 22, 1983.
*498 James M. Bullers, Benton, for plaintiff-appellant.
James G. Cowles, Jr., Shreveport, for defendant-appellant, James Robert Ebler.
Rountree, Hicks & Cox by Gordon E. Rountree, Shreveport, for defendant-appellee, Don Coleman Const. Co.
Miller, Titone, Dawson & Askew by Frederic L. Miller, Shreveport, for defendant-appellee, James Mohr & James D. Johr & Assoc.
Before HALL, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
In this redhibition action arising out of a defective foundation of plaintiff's home, plaintiff McKneely and his vendor, Ebler, appeal a judgment which sustained exceptions of prescription filed by third party defendants, Coleman, the builder of the home who sold to Ebler, and Mohr, the engineer who designed the foundation.
Coleman built the home as a speculative house in 1976 with a "post-tension" foundation designed by Mohr. Coleman eventually sold the home to Ebler in December 1976. Within a year the brick veneer developed cracks and Ebler complained to Coleman. The foundation was discovered to have failed in part and Coleman undertook to repair the home and to "underpin" one corner of the foundation. On January 4, 1978, Coleman wrote Ebler that
"repairs have been made on your foundation... should you have ... need for further repairs, please advise."
Ebler experienced no further problems with the foundation.
On March 1, 1979, and because of a military transfer, Ebler sold the home to McKneely. No mention was made of the prior foundation problem because Ebler and Coleman assumed the defect in the foundation was permanently corrected. In the fall of that year, further foundation failure caused cracks to appear in the brickwork, the interior walls, and doors and windows to jam. McKneely sued Ebler and Coleman on February 28, 1980. Ebler then brought *499 a third party demand against Coleman, and after Coleman brought a third party demand against Mohr, Ebler joined Mohr as a third party defendant. The exceptions of prescription filed by Coleman and Mohr were referred to the merits.
The trial court found that the foundation failure was caused by the design of Mohr and not by the workmanship of Coleman. Substantial evidence supports this finding. Judgment was rendered in favor of McKneely and against Ebler for the cost of repair ($6,860.00) and the exceptions of prescription filed by Coleman and Mohr were sustained and the demands against them were rejected.
On appeal, McKneely contends that prescription was interrupted by Coleman's attempt to repair the defects and that this attempt was never abandoned by Coleman. Additionally, McKneely seeks attorney fees under CC Art. 2545.
Ebler also contends that Coleman's attempts interrupted prescription and were never abandoned and he further contends that judgment should be rendered against Mohr on his third party demand under the rules of indemnity.
Coleman answered the appeal, contending that he should have judgment over and against Mohr in the event he is cast here.
In this action we apply the redhibitory articles of the civil code (Arts. 2520-2548) and not the articles that apply to a builder who has undertaken to build by the job (Arts. 2756-2777). The home built by Coleman was a speculative house and was not built for Ebler. DeSoto v. Ellis, 393 So.2d 847 (La.App. 2d Cir.1981). Hermeling v. Whitmore, 140 So.2d 257 (La.App. 1st Cir.1961).
Where the seller has actual or constructive knowledge of a latent or hidden defect, the one year prescriptive period applicable to redhibition begins to run from the discovery of the defect. CC Arts. 2534, 2545, 2546. This prescription is interrupted by the vendor's attempt to repair the defect and begins to run anew when the vendor abandons any attempt to repair. Where the vendor is presumed to know of the defect, as in the case of a manufacturer or builder, and believes the defect has been corrected by his repair, prescription does not begin to run until discovery of the reappearing defect. Brown v. Dauzat, 157 So.2d 570 (La.App. 3d Cir.1963); Hermeling, supra.
DeSoto v. Ellis, supra, upon which the trial court relied as authority to sustain the exceptions of prescription, does not produce a different result. There Shreve Land Company built a speculative house and later sold it to Thompson in 1971, who sold to Crawford in 1974, who sold to Ellis in 1977, who sold to DeSoto a few months later. Foundation defects were discovered in 1976 and Crawford undertook to repair the defects through his realtor, Cloyd, and his engineer, Mohr. Three months before Crawford sold to Ellis, Mohr wrote Cloyd that the work on the house had been completed and that the house was safe and would not settle. Seven months later, and when DeSoto owned the house, the foundation defect reappeared. On July 13, 1978, DeSoto sued Ellis, Crawford, the realtor, Cloyd, and the builder, Shreve Land Company. Shreve Land Company pleaded the one year prescription from date of discovery of the defect. We affirmed the sustaining of that plea, stating,
"the latent defect ... was discovered in October 1976. [DeSoto's] ... predecessors in title had one year from that date to institute their redhibitory action ... plaintiff acquired that right. Since [De-Soto's] suit was not filed until July, 1978, the one year prescriptive period has elapsed." 393 So.2d at p. 850.
In footnote 6, we observed that because "more than one year elapsed between the time that Crawford attempted to remedy the defect and the filing of [DeSoto's] suit, we [were] not confronted with the question of whether that [attempt] served to interrupt ... prescription." Here, the builder, Coleman, is presumed to know the defects in the house, and here, he attempted the repair and believed the repair succeeded. In these circumstances, prescription *500 was interrupted or began to run anew when the defect reappeared in October 1979. Brown, Hermeling, supra. McKneely's action, filed on February 28,1980, was timely. Under CC Art. 2503, McKneely is subrogated to his vendor's rights and actions in warranty against others. DeSoto, supra; McEachern v. Plauche Lumber & Construction Co., 220 La. 696, 57 So.2d 405 (1952). Ebler's third party demand against Coleman, filed on April 16, 1980, was also timely.

MOHR'S PLEA OF PRESCRIPTION
Coleman's liability and Ebler's liability result from the fault of Mohr. These claims against Mohr are for indemnity.
"The rule of indemnity ... is founded upon the general obligation to repair the damage caused by one's fault (La.Civ. Code Art. 2315) and the moral maxim that `no one ought to enrich himself at the expense of another.' La.Civil Code Art. 1965. More specific authority is found in La.Civ.Code Articles 1930, 2106 and 2767." Bewley Furniture Co., Inc. v. Maryland Casualty Co., 285 So.2d 216, 220 (La.1973).
Prescription on a claim for indemnification does not begin to run until the party seeking indemnification (Coleman, Ebler) has been cast in judgment. Blue Streak Enterprises v. Gulf Coast Marine, 370 So.2d 633 (La.App. 4th Cir.1979).

ATTORNEY FEES
Attorney fees are allowed under CC Art. 2545.
This trial occurred on September 8, November 16, and November 17,1982. The record contains about 70 pages in pleadings and about 400 pages in transcript of testimony. About 30 exhibits were introduced and expert testimony was adduced. As this opinion reveals, the critical issues primarily relate to the third-party demands. Under the circumstances and considering the amount awarded and the other factors mentioned, we deem $3,000 to be a reasonable attorney fee.

DECREE
We reverse the judgment insofar as it rejected the third party demands and hereby render judgment overruling the pleas of prescription. We amend the judgment to award McKneely the cost of repair ($6,860) against Ebler and Coleman, in solido; to award Ebler judgment against Coleman and Mohr for all amounts which Ebler may be required to pay under this judgment to McKneely; to award McKneely the amount of $3,000 in attorney fees under CC Art. 2545, against Coleman; and to award Coleman judgment against Mohr for all amounts which Coleman may be required to pay under this judgment to either McKneely or to Ebler. The judgment is further amended to cast Mohr for all costs, including the costs of this appeal. We affirm the judgment insofar as it awarded the cost of repair against Ebler and insofar as it set expert witness fees. We reverse and amend the judgment in the respects mentioned.
AFFIRMED in part, REVERSED in part, AMENDED, and RENDERED.