BYRNES, Judge.
This is an action in Quanti Minoris, involving sewerage problems discovered after purchasing a house. Appellant, Raphael J. Jones, III, filed suit in Civil District Court for Orleans Parish against appellee, Lawrence P. Bourgeois, Bourgeois filed a third party demand for indemnification against Gerald L. Schroeder, the builder of the house and Bourgeois’ vendor. The matter was tried on April 21, 1982 and was taken under advisement. On May 27 judgment was rendered in favor of Raphael Jones in the amount of $8,111.31 and in favor of Lawrence Bourgeois against Gerald Schroeder in the same amount. All parties appeal.
ISSUES
Raphael Jones makes two assignments of error. 1.) The trial court erred in denying reasonable attorney fees; and 2.) the trial court erred in failing to award general damages for inconvenience and mental an--guish. Lawrence Bourgeois and Gerald Schroeder contend that the trial court improperly denied their Exceptions of Prescription.
Schroeder further argues that when Jones released the plumbing sub-contractor, who originally installed the defective sewer lines, from liability without reserving his rights against Schroeder, Schroeder was also released. Alternatively, Schroeder argues that Jones’ costs for repairing the plumbing problem were excessive and he did not meet his duty to mitigate damages.
FACTS
Raphael J. Jones, III acquired the residence at 4240 Boston Drive in New Orleans from the defendant Lawrence P. Bourgeois. The Act of Sale took place on March 23, 1978 and the purchase price was $60,000.00. The home was built in 1971 by Gerald L. Schroeder, General Contractor and Realtor, who leased it to other individuals until 1976 when he sold it to Bourgeois. Charles Foss was the original sub-contractor, who installed the plumbing for the home in 1971.
In April 1978, Mr. Jones began experiencing problems with his plumbing in the form of slow drainage and some backing up of toilets. He called Rescue Rooter who performed some work and temporarily solved the problem. The problem worsened to the point that, between April 1978 and November 1979, Mr. Jones required the services of Rescue Rooter and/or liquid drain cleaner every 4-6 weeks. In December of 1979, Mr. Jones called a professional plumber to evaluate the problem. It was determined that there was a break in the sewer line due to the fact that the lines were not properly hung on the slab when the house was originally constructed. Between January and August 1980 extensive *40 digging was done outside and beneath the house and the problem was finally corrected. Mr. Jones’ out-of-pocket expenses totaled $8,111.31.
PRESCRIPTION
Bourgeois contends that any action Mr. Jones may have had against him prescribed under Civil Code Art. 2534 and 2544. Schroeder contends that if Jones’ action has prescribed then no third party action exists.
Article 2534 states in pertinent part: The redhibitory action must be instituted within a year, at the farthest, commencing from the date of sale.
This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.
Article 2544 merely makes Article 2534 applicable to an action in Quanti Minor is. Therefore, absent a showing of bad faith on the seller’s part, prescription begins to run from the date of the sale.
In the case at bar, testimony establishes that during the two years Mr. Bourgeois owned the house and leased it to other tenants, he only received two complaints regarding the plumbing. Further, he only spent $90.00 in those years to correct the slow drainage problems. We find that these facts are insufficient to show bad faith by Mr. Bourgeois.
Finally, the record shows that Mr. Jones experienced numerous problems with his plumbing throughout the 2½ years before he brought this action. Within one year from the purchase he experienced difficulty on at least three occasions. He was on notice that a potentially serious situation existed but apparently chose to use measures which alleviated the problem temporarily as opposed to hiring a plumber to discover the full extent of the difficulty.
The sale took place on March 23, 1978. Suit was not filed until September 22, 1980, some 2½ years later. Since Bourgeois was not in bad faith and suit was filed more than one year after the sale the Exception of Prescription should have been maintained. '
SCHROEDER’S LIABILITY
Civil Code Articles 2762 and 3545 provide that a contractor can be held liable for problems which occur due to bad workmanship, within ten years from construction. However, an exception has been carved out where the owner-contractor built the house as a speculative venture rather than for a specific vendee. DeSoto v. Ellis, 393 So.2d 847 (La.App.2d Cir.1981). The court in DeSoto held that the applicable prescriptive period in such a case is one year.
In the present case the record establishes that Schroeder built the house in 1971 and leased it to other individuals until he sold it to Bourgeois in 1976. Therefore, the house was built as a speculative venture and not specifically for Bourgeois. Bourgeois later sold the house to Jones in 1978. Under Civil Code Article 2503 Jones is subrogated to Bourgeois’ rights against Schroeder. Under the present facts, Bourgeois’ only action against Schroeder lies in redhibition. Therefore, the applicable prescriptive period is one year from the Act of Sale. Accordingly, any possible action against Schroeder for the defects complained of have prescribed.
CONCLUSION
The exceptions of prescription are maintained. Bourgeois and Schroeder are dismissed from the action.
For the foregoing reasons the decision of the trial court is reversed. All costs of this appeal are to be borne by appellant, Raphael Jones.
REVERSED.
LOBRANO, J., concurs with reasons.