470 So.2d 326 (1985)
Stephen E. SMITH, Husband of/and Kathryn Kempf Smith
v.
Binh LY, Husband of/and Eva Ly.
No. 84-CA-631.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
*327 Harvey Green, Metairie, for defendants-appellants.
Chester A. Fleming, III, Thomas Lewis, James E. Hritz, Joseph W. Rausch, Suzanne P. Keevers, Pamela Hershey, New Orleans, for defendants-appellees.
Before BOUTALL, BOWES and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by Binh Ly and his wife Eva, defendants-appellants, from judgments dismissing several third party defendants from this suit on grounds of prescription. The suit involves damages for latent defects found in a house sold by the Lys to Steven and Kathryn Smith, plaintiffs.
On October 3, 1980, the Smiths purchased the house in question from the Lys. On October 1, 1981, within one year of the purchase, they filed suit against the Lys alleging that they had discovered defects in the property which would require $20,000 to repair. They further alleged that these defects had been discovered on or about February 26, 1981.
On February 19, 1982, the Lys filed a third party demand against Neyrey Park, Inc., from whom they had bought the property *328 in 1978. The house was new at that time. It appears that during discovery, the Lys learned that the house had actually been built by Joseph A. Neyrey, General Contractor, Inc. (NGC). They therefore filed a third party demand against NGC and its insurer Commercial Union Ins. Co. in 1984. Also in 1984, they filed third party demands against Tulane Hardwood Lumber Co., and Krestmark Industries, Inc., the vendor and manufacturers respectively of windows in the house alleged to be defective.
Tulane and Krestmark moved for summary judgment on the grounds that any claims against them which may have existed had prescribed by the passage of one year from discovery of the alleged defects in the windows in February, 1981. Their motions were granted and they were dismissed from the suit. NGC and their insurer similarly urged the exception of prescription, and that exception was sustained. The Lys now appeal these judgments.
In regard to Tulane and Krestmark, it is clear that the claims against them have prescribed. In his reasons for judgment, the trial court properly found that Tulane was the seller in good faith of the windows and therefore the only action against them lay in redhibition within one year of the date of sale, La.Civ.Code art. 2534. He also correctly concluded that although Krestmark was the manufacturer of the windows, and therefore presumed to know of their defects, because it was not sued within one year of discovery of the defects, the action against it had likewise prescribed, La.Civ.Code art. 2546. The judgment dismissing these two parties from the suit is therefore affirmed.
Entirely different issues are presented in regard to NGC and its insurer. It is not disputed that Joseph A. Neyrey is the president of both Neyrey Park, Inc. and NGC. The act of sale by which the Lys acquired the property recites that the vendor-owner was Neyrey Park, Inc., and that it had acquired the property in 1967. By way of affidavit, Mr. Neyrey stated that Neyrey Park bought the property in 1960, and "immediately following the purchase of the tract of land, Joseph A. Neyrey General Contractor, Inc., began building houses on this tract...." He further stated that the house in question was built on a speculative basis "according to his own plans and designs". In various memoranda to the trial court, NGC asserted that the plans and specifications were its own. In a memorandum filed by Joseph Neyrey, individually, it is asserted that the affidavit was given by him in his capacity as president of NGC, and the reference to "his own plans and designs" was meant only in that corporate capacity. The affidavit, however, is by Mr. Neyrey individually, and recites in its first sentence that "he is the President of Joseph A. Neyrey General Contractor, Inc., and Neyrey Park, Inc."
As noted above, the Smiths' suit against the Lys represented that the defects in the property were discovered on February 26, 1981. Relying on this representation, the Lys third partied Neyrey Park, Inc. on February 19, 1982, within one year of the alleged discovery of the defect. As far as can be determined from the record, Neyrey Park, Inc. is still a third party defendant in the trial court.
In his reasons for judgment sustaining the exception of prescription of NGC, the trial court reasoned that because NGC had built the house as a speculative venture, and not by way of contract with any particular person, that the prescriptive period of one year from discovery of the defect as against a manufacturer for suits in redhibition was applicable, citing Jones v. Bourgeois, 445 So.2d 38 (La.App. 4th Cir.1984); DeSoto v. Ellis, 393 So.2d 847 (La.App. 2nd Cir.1981). He further stated that there was no countervailing allegation, argument or evidence that the house was not a speculative venture by NGC. With these conclusions and findings we disagree.
It is clear from the act of sale to the Lys that their vendor-owner was Neyrey Park, Inc. That act also states that Neyrey Park had acquired the property in 1967. No mention is made in that act of NGC. Assuming, as we can only do on the representations *329 in the record, that Neyrey Park and NGC are entirely distinct corporations, then the assertion by NGC that it built the house as a speculative venture would indicate that it did so on property not owned by it. It would further indicate that Neyrey Park sold a house which the public records showed it to own and which it claimed to own, but which in fact belonged to NGC, an entirely separate corporate entity. In this court's opinion, the above scenario is highly implausable, and at the least raises factual questions as to the correctness of NGC's claim that it independently built this house as a speculative venture. The more likely explanation is that NGC either built the house under contract with Neyrey Park, or it and Neyrey Park were joint developers of the property.
The significance of the relation between NGC and Neyrey Park in this suit is that if NGC was under contract with Neyrey Park to build the house, then it would appear that the 10 year prescription of La.Civ.Code art. 3500 would be applicable, and the Lys would be subrogated to Neyrey Park's warranty action against NGC for defective construction, Aizpurua v. Crane Pool Co., 449 So.2d 471 (La.1984).
If on the other hand, Neyrey Park and NGC were joint developers of the property, then it would appear that they are jointly liable as manufacturers of the house, and that timely suit against Neyrey Park in redhibition would have interrupted prescription as to NGC.
Further, Mr. Neyrey's affidavit states that the plans and designs were his. Although he later argued that he was speaking then solely as president of NGC, the affidavit does not bear this out. Taken on its face, the statement as to ownership of the plans and designs might well establish personal liability on the part of Mr. Neyrey, if those plans are defective and were drawn by him, La.Civ.Code art. 2762.
In this court's opinion, there was evidence in the record to cast substantial doubt on NGC's assertion that it built the house independently, as a speculative venture, and we hold that the trial court was in error in finding otherwise. Further, because the crux of the prescription issue depends on a determination of the relationship of Neyrey Park and NGC, we reverse the judgment sustaining the exception of prescription in favor of NGC, and remand the case for further proceedings consistent with this opinion. We finally note that we do not hold today that NGC is precluded from attempting to prove that it built the house independently as a speculative venture. What we do hold is that the exception of prescription was sustained on insufficient evidence of such a venture, and in the face of a preponderance of contrary evidence now appearing in the record.
For the foregoing reasons, the judgment dismissing Tulane Hardwood Co. and Krestmark Industries, Inc. is affirmed. The judgment dismissing Joseph A. Neyrey General Contractors, Inc. and its insurer Commercial General Insurance Co. is reversed, and the case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.