DUFRESNE, Judge.
This is an appeal by Karl A. Seemann, III, appellant, from a judgment sustaining the exception of prescription as to his re-conventional demand in a suit originally brought against him for a deficiency judgment by Chrysler Credit Corporation.
FACTS
Seemann bought a van from Clearview Dodge Sales, Inc. on February 16, 1980. The vehicle was financed by Chrysler Credit Corporation. In March, 1983, after Seemann had failed to make several payments, Chrysler Credit had the van seized and sold. It then instituted suit for a deficiency judgment for the amount still owing after the sale.
Seemann reconvened against Chrysler Credit, making the following pertinent allegations. First, the van was defective when purchased, and Clearview Dodge had undertaken to correct the defects, but had not done so. Second, while in the possession of Clearview Dodge, the vehicle was damaged and vandalized. Third, Chrysler Credit is the alter ego of Chrysler Corporation, and Chrysler Credit is therefore solely liable for redhibitory defects in the van. The final allegation was that Chrysler Credit had undertaken to have Clearview Dodge repair and return the van to Seemann, and thus, rendered itself liable with Clearview for damages occurring while the van was in Clearview’s possession.
In response to this demand, Chrysler Credit filed an exception of vagueness *331 which was sustained by the trial court, but Seemann was granted leave to amend. Chrysler Credit then moved for summary judgment on its main demand for a deficiency judgment which was granted on March 28, 1984. That judgment was not appealed.
In the meanwhile, Seemann filed an amended answer, and Chrysler Credit responded by way of the exception of prescription. This exception was sustained by a judgment signed on May 18, 1984, and it is from this judgment that Seemann now appeals.
Seemann alleges two grounds for reversal of the judgment here. He first contends that his action lies in fraud for which the ten year prescriptive period is applicable. In the alternative, he urges that if his action lies in redhibition, then the prescriptive period of one year from the date of sale was interrupted by Clearview’s attempts to repair the van.
We address Seemann’s second contention first. The general rule in redhi-bitory actions is that they must be brought within one year of the date of sale. La.Civ. Code art. 2534. The exception to this rule is that when the seller had knowledge of the defect, but failed to declare it, the prescription of one year commences from the time the buyer discovers the defect, La.Civ.Code arts. 2545, 2546. Further, it is now well settled that this latter prescriptive period is suspended whenever the vendor attempts to repair the defect, and does not commence to run anew until the attempts at repair are abandoned. Bison v. LaHood, 390 So.2d 920 (La.App. 2nd Cir. 1980). Finally, when a purchaser relies on the exception to the general rule that redhi-bition actions prescribe one year after the date of sale, he bears the burden of proving knowledge of the defect by the vendor and the date the defect was discovered or the vendor abandoned attempts at repair, Rosenzweig v. Alexandria Seed Co., Inc., 426 So.2d 380 (La.App. 2nd Cir.1983).
In the case before us, the only date mentioned in the reconventional demand, and the amendment thereto, is the purchase date of February 16, 1980. Thus, prescription would have run on the redhibition claim one year from that date, unless shown otherwise. However, Seemann did not make any allegations as to when he discovered the defect, or when the vendor abandoned any attempts to repair, the defect. In the absence of any alleged facts which might have interrupted or suspended the running of prescription, we agree with the trial court’s decision that on the face of the pleadings the one year prescription from time of sale had run. Therefore, even were Chrysler Credit to have been shown to be the alter-ego of Chrysler Corporation, the manufacturer, the claim in redhibition would have been prescribed against it as well on February 16, 1981, long before the present action in reconvention was filed.
We also disagree with Seemann’s allegation here that his action lies in fraud. The reconventional demand sets forth the fact that Chrysler Credit has a business relationship with Clearview Dodge for the promotion, sale and financing of Chrysler products. It further alleges that officers of Chrysler Credit knew the van was in Clearview’s possession and undertook to have Clearview repair it and return it to Seemann. Taking these allegations to be true, we find nothing therein that would indicate fraud on Chrysler Credit’s part. At best, they only go to show that Chrysler Credit promised to perform an act in the future, and failure to perform such an act is not legal fraud, Automatic Coin Enterprise v. Vend Tronics, 433 So.2d 766 (La.App. 5th Cir.1983).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.