498 So.2d 128 (1986)
Stephen E. SMITH, Husband of/and Kathryn Kempf Smith
v.
Binh LY, Husband of/and Eva Ly.
No. 86-CA-297.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
James E. Stovall, Jackson and Stovall, New Orleans, for plaintiffs and appellees Stephen E. Smith, husband of/and Kathryn Kempf Smith.
*129 Harvey Green, Metairie, for defendants and appellants Binh Ly, husband of/and Eva Ly.
Chester A. Fleming, III, Terry Deffes, Boggs, Loehn & Rodrigue, New Orleans, for defendant and appellee Joseph A. Neyrey.
August J. La Nasa, New Orleans, for defendant and appellee Neyrey Park, Inc.
Joseph Bishop, Jr., Mandeville, for defendant and appellee Brister Stevens.
Ronald P. Whittington, St. Rose, for defendant and appellee Poley's Sheet Metal, Inc.
H.A. Vondenstein, Wayne C. Guidry, Gretna, for defendant and appellee Parish of Jefferson.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
KLIEBERT, Judge.
This is a devolutive appeal by Binh Ly and his wife, Eva, defendants and third party petitioners, from judgments dismissing on exceptions of prescription their third party petition against Joseph A. Neyrey, Brister Stevens, Inc. and Poley's Sheet Metal, Inc. Only Joseph A. Neyrey had made an appearance in this court. We reverse and set aside the trial court's ruling and remand for further proceedings consistent with this opinion.
On October 3, 1980, Steven and Kathryn Smith, plaintiffs, purchased a house from Binh and Eva Ly. Within one year of the purchase, i.e., on October 1, 1981, the Smiths filed suit against the Lys in quanti minoris seeking $20,000.00 for repairs of alleged latent defects in the house. In response the Lys, at different times, filed third party demands against: (1) Joseph A. Neyrey, individually, Neyrey General Contractors, Inc., and Neyrey Park, Inc., all alleged to be involved in the planning, construction, or sale of the house, and against (2) Tulane Hardwood Lumber, Inc., Krestmark Industries, Inc., Poley's Sheet Metal, Inc., and Brister Stevens, Inc., all alleged to be subcontractors, sellers, or manufacturers of windows, flashing or the air condition system, all alleged to have latent defects.
A panel of this court in Smith v. Ly, 470 So.2d 326 (La.App. 5th Cir.1985) upheld the trial court's grant of motions for summary judgment (based on a finding the causes of action, if any, were prescribed under Civil Code Articles 2534 or 2546) filed by Tulane Hardwood Lumber Company, Inc., the seller, and Krestmark Industries, the manufacturer, of allegedly defective windows. However, the same panel reversed the trial court's maintenance of an exception of prescription filed by Neyrey General Contractors, Inc. and remanded the case for further proceedings. The reversal was based on a finding there was insufficient evidence to show the house had been built by Neyrey General Contractors, Inc. as a speculative venture whereupon the only contract was of sale. As such, the prescriptive period for a claim in redhibition would be one year (See Civil Code Articles 2534 and 2546) as opposed to a claim for indemnification or on an actual or implied warranty which would be subject to a ten year prescriptive period. (See Civil Code Article 3500.)
Prior to the time this Court handed down its decision on the motions for summary judgment the trial court maintained exceptions of prescription filed by Poley's Sheet Metal, Inc., the installer-supplier of flashing; Brister Stevens, Inc., the installer-supplier of the air conditioning system; and Joseph A. Neyrey, individually, the planner and designer of the house. These rulings are the subject of the appeal brought by the third party petitioners, the Lys.[1]
*130 The trial court's basis and reasons for maintaining the exception of prescription filed by Poley's Sheet Metal and Brister Stevens was the same as its basis and reasons for maintaining the exception of prescription filed by Tulane Hardwood and Krestmark Industries. Additionally, its basis and reasons for maintaining the exception filed by Joseph A. Neyrey individually and Neyrey Park, Inc. were the same as its basis and reasons for previously maintaining the exception of prescription filed by Neyrey General Contractors, Inc.
The prescription issue here turns on whether Ly's claims are construed as causes of action in tort or redhibition or as claims for indemnification or claims predicated upon a direct or subrogated actual or implied warranty.
As was stated by this court in our previous decision at 470 So.2d 326 (5th Cir.1985) Ly's claims against Tulane Hardwood and Krestmark Industries, Inc., as the seller and manufacturer of the alleged defective windows, were claims in redhibition and hence prescribed, whether the prescriptive period provided for by Civil Code Article 2534 (good faith seller) or by Article 2546 (bad faith seller) was applied. Here, however, unlike the situation where this court upheld the exception of prescription, the third party defendants are either the contractor, subcontractor, or designer of the building and not merely the seller-manufacturer.
The Lys argue that they are subrogated to all the rights in warranty Neyrey Park, Inc., its vendor, has against Neyrey General Contractors, Inc., the contractor; Poley's Sheet Metal and Brister Stevens, subcontractors; and Joseph Neyrey, architect. Consequently, the applicable prescriptive period is the ten year liberative prescription of Civil Code Article 3500.[2] Additionally, the Lys contend their claim is one for indemnification; hence, prescription does not commence to run until the party seeking indemnification (the Lys) is itself cast in judgment.
The Lys couched the third party demands as claims for indemnification based on allegations that all defects enumerated by the Smiths were the fault of the third parties. It has long been held that a party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others. See Bewley Furniture Co., Inc. v. Maryland Casualty Co., 285 So.2d 216 (La.1973). As noted in McKneely v. Don Coleman Construction Co., Inc., 441 So.2d 497 at 500 (La.App. 2nd Cir.1983):
"The rule of indemnity ... is founded upon the general obligation to repair the damage caused by one's fault (La. Civ. Code Art. 2315) and the moral maxim that `no one ought to enrich himself at the expense of another.' La. Civil Code Art. 1965. More specific authority is found in La. Civ. Code Articles 1930, 2106 and 2767." Bewley Furniture Co., Inc. v. Maryland Casualty Co., 285 So.2d 216, 220 (La.1973).
As a general rule, prescription on a claim for indemnification does not begin to run until the party seeking indemnification has been cast in judgment. Blue Streak Enterprises, Inc. v. Gulf Coast Marine, 370 So.2d 633 (La.App. 4th Cir.1979); Guidry v. Hoogvliets, 411 So.2d 629 (La.App. 4th Cir.1982). An exception to the general rule is set forth by La.R.S. 9:2772, which establishes a ten year pre-emptive period in which all claims for damages arising out of deficiencies in the surveying, design, supervision or construction of buildings must be brought.
Since Ly's third party claims for indemnification involved here were filed as of August 30, 1984, if the residence was constructed less than ten years prior to that date, the prescriptive period for their third party claims have not yet run.[3]
*131 In Aizpurua v. Crane Pool Co., Inc., 449 So.2d 471 (La.1984) the plaintiffs filed suit to recover for defects in a swimming pool acquired in conjunction with the purchase of a residence. Among named defendants were Edward M. and Anna Lee Smith, the vendors of the property, and Crane Pool Company, Inc., and/or Cory Crane, who constructed the pool for the Smiths. The trial court sustained exceptions of no cause of action, no right of action, and prescription as to the Crane defendants. The Court of Appeal affirmed. The Supreme Court affirmed the judgment insofar as it sustained the exception of prescription to the claim based in tort or redhibition, but reversed the judgment insofar as it held the plaintiffs had no cause of action and no right of action against the Crane defendants. The Supreme Court reasoned:
"[1] The trial court correctly found that any actions in tort and redhibition against Crane had prescribed. LSA-C.C. arts. 2546 and 3536.2 The question remaining is whether plaintiffs have a right of action against Crane for breach of any implied or express warranty in the Crane building contract with the Smiths.
Plaintiffs rely on Media Pro. Consult., Inc. v. Mercedes-Benz of N.A., Inc., 262 La. 80, 262 So.2d 377 (1972), which allowed a consumer without privity to recover against the distributor of an automobile for latent defects under the implied warranty of fitness inherent in every sale. In Media, an American automobile distributor was found to occupy the position of the foreign manufacturer.
[2-4] Liability of a contractor to the owner or other contracting party is governed by a ten year prescriptive period. LSA-C.C. art. 3500.3 The Smiths, vendors of the house and pool, warranted to the Aizpuruas, the vendees, that the things sold were free of hidden defects. LSA-C.C. art. 2476.4 The Aizpuruas were subrogated to the Smiths' rights and actions in warranty against "all others". LSA-C.C. art. 2503.5 This article has been interpreted as including only actions against other vendors. See Le-Blanc v. Ellerbee Builders, Inc., 317 So.2d 1 (La.App. 1 Cir.1975). This reading of the article erroneously qualifies its literal language. "[T]he right to sue for breach of warranty of quality is transmitted with the object of the sale." XIV Tul.L.Rev. at p. 471. The implied warranty of materials and workmanship in a building contract is one to which a subsequent purchaser is subrogated. Media, supra. Despite lack of privity, one who acquires immovable property can enforce a contract made for the improvement of the property by the person from whom he acquired it. LSA-C.C. art. 2011;6 Breaux v. Laird, 223 La. 446, 65 So.2d 907 (1953)."
5 LSA-C.C. art. 2503 provides:
"The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty.
"But whether warranty be excluded or not the buyer shall become subrogated to the seller's rights and actions in warranty against all others."
(Footnotes 2, 3, 4 and 6 omitted)
In Landry v. Baton Rouge Lumber Co., 434 So.2d 1144, 1145 (La.App. 1st Cir.1983) the court noted:
"A purchaser may be subrogated to the rights of his vendor and his vendor's warranty against redhibitory defects from prior vendors in a chain of title. DeSoto v. Ellis, 393 So.2d 847 (La.App. 2nd Cir.1981). La.C.C. art. 2503 1 also extends subrogation to the warranty against redhibitory vices. McEachern v. Plauche Lumber & Construction Co., 220 La. 696, 57 So.2d 405 (La.1952)." (Footnote omitted)
Thus, through subrogation, an obligation which is extinguished with regard to the subrogor is continued to the benefit of the subrogee who is authorized to the extent he has paid to avail himself of the rights and actions of the original subroger.[4] *132 Niemann v. Travelers Ins. Co., 368 So.2d 1003 (La.1979); U.S. Fidelity and Guaranty v. Southern Excavation, 480 So.2d 920 (La.App. 2nd Cir.1985) writ denied 481 So.2d 1337 and 481 So.2d 1339 (La.1986).
As was previously stated by this Court in 470 So.2d 329, at page 329, depending on the relationship between Joseph A. Neyrey, individually, Neyrey General Contractors, Inc., and Neyrey Park, Inc., the Lys may have a claim for indemnification and/or in warranty against the third party defendants which has not as yet prescribed.
For the foregoing reasons, the judgments granting the exceptions of prescription are reversed and set aside and the case remanded to the trial court for further proceedings consistent with this opinion. Each party is to bear his own cost of the appeal.
REVERSED, SET ASIDE AND REMANDED.
NOTES
[1] In their motion for appeal and in brief the Lys state they are also appealing from the dismissal of their third party claim against the Parish of Jefferson, the inspector of the house. Although the record does show an exception of no cause of action filed by the Parish was maintained as to a third party claim against it filed by Joseph A. Neyrey General Contractors, Inc., the record before us does not contain a trial court ruling of an exception of no cause of action filed by the Parish to a third party claim filed by third party claimants, the Lys. Hence, that issue is not before us on this appeal.
[2] Formerly Civil Code Article 3545.
[3] Although there are statements made in briefs filed in the District Court that the house was constructed "not later than July 1978," there is no evidence in the record to establish the date that construction was completed.
[4] La.C.C. arts. 1825-1830, adopted by Acts 1984, No. 331, S1 eff. Jan. 1, 1985, give express formulation to jurisprudentially developed theories of subrogation. Act No. 331 became effective after the instant judgments were rendered and hence is inapplicable in the instant case.