STOKER, Judge.
The plaintiff, John S. Bonnette, has appealed the judgment of the trial court which sustained the defendants’ exception of prescription. The plaintiff filed suit for damages which he incurred as a result of a cracked foundation slab which was discovered in his home. It was alleged that the defendants, Lloyd R. Langston, Betty Close Langston and Langston Mechanical Services, Inc. as builders of the home, were responsible in warranty, LSA-C.C. art. 2762, to Mr. Bonnette. After a hearing on the exception of prescription, the trial court held that the applicable prescriptive period was one year, LSA-C.C. art. 2534, and that Mr. Bonnette’s suit was not timely. The plaintiff has assigned as error (1) the trial court’s action allowing the defendant, Langston, to pierce his own corporate veil, *399 and (2) the trial court’s reliance on the cases of DeSoto v. Ellis, 393 So.2d 847 (La.App.2d Cir.1981), and Hermeling v. Whitmore, 140 So.2d 257 (La.App. 1st Cir.1961), writ denied, (La.1962). We affirm.
FACTS
On September 5, 1980 the plaintiff purchased a home in the Brookwood Subdivision, near Woodworth, Louisiana, from Edwin A. Beaver. Mr. Beaver purchased the home from Lloyd R. Langston on April 21, 1978. The home had been built by Mr. Langston on property that he owned.
Subsequent to his purchase of the home in 1980, the plaintiff began to notice misaligned doors and cracks in the sheetrocked walls. On March 2, 1984 R.M. Primeaux, a civil engineer, inspected the home at plaintiffs request. Mr. Primeaux notified plaintiff of his findings in a letter dated March 9, 1984. Mr. Primeaux found that the slab of the home had several cracks in the front and rear walls near the mid-point of the building. It was Mr. Primeaux’s opinion that the foundations used in the construction of the house were inadequate for the soil conditions of the site.
The plaintiff thereafter filed this suit against the Langstons on May 1, 1985. By amended petitions, the plaintiff added the Langstons’s insurer, Aetna Life and Casualty Insurance Company, and Langston Mechanical Services, Inc.
PRESCRIPTION
The plaintiff argued, unsuccessfully, to the court below that this action was one in warranty governed by a ten-year prescriptive period and not one in redhibition governed by a one-year prescriptive period.
Plaintiff argues at length, in brief, the inequities created in this situation by allowing the defendant, Langston, to show that Langston Mechanical Services, Inc. is essentially a shell corporation set up for tax and bookkeeping purposes. Plaintiff attempted to show that defendant, Langston, did not in fact build the house in question, rather that his corporation did. This argument is urged by plaintiff for the reason that such a factual situation would fall outside of the exception to LSA-C.C. art. 2762 noted below. However, plaintiff simply failed to establish any facts or produce any evidence to show that anyone but defendant, Langston, built the house. According to Langston, the house was built by him for speculative purposes and subsequently sold to Mr. Beaver. The sale to Mr. Beaver is from Langston individually to Beaver. Plaintiff relies on the legal principle that a second, or subsequent, purchaser is subrogated to his vendor’s or first purchaser’s rights and actions in warranty against others. LSA-C.C. 2503. DeSoto v. Ellis, supra, and McNeeley v. Don Coleman Const. Co., Inc., 441 So.2d 497 (La. App. 2d Cir.1983).
The rule of LSA-C.C. art. 2762 is that an architect or other workman, who has undertaken to make a building by the job, is liable for any ruin caused by the badness of his workmanship. This liability runs for ten years if the building is brick. An exception to this rule has been created by our courts in cases in which the builder-owner builds a house on his property to his own specifications for speculation and places it on the market for sale. In that situation the builder-owner is considered strictly as a vendor and subject to the action in redhibition for any vices or defects in the building. Accordingly, the prescriptive period governing such an action is one year. Hermeling v. Whitmore, supra; DeSoto v. Ellis, supra; McKneely v. Don Coleman Const. Co., Inc., supra; Jones v. Bourgeois, 445 So.2d 38 (La.App. 4th Cir.1984). The record is void of any evidence which would establish that Langston Mechanical Services, Inc. was the general contractor building the house under contract for Langston so as to make the action one in warranty of ten years.
We find no error on the part of the trial court in applying the above stated principle to the case before us.
The judgment of the trial court is affirmed. Costs are assessed to the plaintiff-appellant.
AFFIRMED.