408 So.2d 389 (1981)
Otis MATT, et al.
v.
Bill COX, et al.
No. 14447.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
Michael J. Samanie, Houma, for plaintiffs and appellees.
Gary P. Kraus, Houma, for defendant and appellant Waterworks District No. 3.
Dennis J. Gaubert, III, Thibodaux for defendants and appellee C & C Farms and Southern Farm Bureau Cas. Ins. Co.
Thomas Wright, Houma, for defendant and appellee Hibernia Bank, and James and Dorothy Antill.
Robert D. Morvant, Thibodaux, for defendant and appellee Roman Catholic *390 Church of the Diocese of Houma-Thibodaux.
Before ELLIS, LOTTINGER and PONDER, JJ.
ELLIS, Judge:
This is a suit for personal injuries by Otis Matt and Mary Esther Matt for damages suffered by Mrs. Matt when she stepped into an open water meter hole on May 9, 1979. This suit was filed on January 9, 1980. The original petition alleged that the water meter was located on property belonging to Bill Cox and others, and that it was within the custody, control and supervision of Waterworks District No. 3.
Subsequently, on May 5, 1980, plaintiffs amended their petition to name the Roman Catholic Church of the Diocese of Houma-Thibodaux as party defendant as the alleged owner of the property where the accident happened, and Bill Cox, et al. as lessees thereof.
On June 26, 1980, a third party demand was filed by Cox, et al. naming the Charles B. Gilbert Trust, Hibernia National Bank, Trustee, as a third party defendant. Thereafter, on August 6, 1980, Waterworks District No. 3 filed a third party demand, naming the Gilbert Trust, and others as third party defendants, alleging the trust to be the owner of the property where the accident happened, and demanding indemnification or contribution.
To the latter third party petition, Gilbert filed a peremptory exception of prescription, alleging that over one year had elapsed after the accident before the third party demand on it was made, and that over 90 days had elapsed following service of the original petition herein, on the Waterworks District.
After a hearing, the exception was sustained and the third party demand dismissed as to the Gilbert Trust. From the judgment of dismissal, Waterworks District No. 3 has appealed.
We reverse. "Prescription does not begin to run on claims for indemnification and/or contribution until the party seeking same is, itself, cast in judgment." Blue Streak Enterprises v. Gulf Coast Marine, 370 So.2d 633 (La.App. 4th Cir. 1979); see Thomas v. W & W Clarklift, Inc., 375 So.2d 375 (La. 1979). Therefore, prescription has not yet begun to run on the demand for indemnification made by Waterworks District No. 3 against the Gilbert Trust.
The judgment appealed from is therefore reversed and set aside, the exception of prescription is overruled, and the case remanded to the trial court for further proceedings in accordance with law. Costs of this appeal shall be paid by the Gilbert Trust, with all other costs to await final disposition hereof on its merits.
REVERSED AND REMANDED.