478 So.2d 1308 (1985)
Linton and Earline BERGERON, Individually and as Representatives of the Estate of Perry J. Bergeron; and Robin B. Bergeron, as the Legal and Natural Tutrix of the Minor Child, Terrence Bergeron
v.
AMERADA HESS CORPORATION, ABC Insurance Company, John Brown and John Meyers.
No. 85-CA-319.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1985.
*1309 George W. Healy, III, Margot Mazeau, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for plaintiff-appellant.
Dale J. Brou, Boutte, for defendant-appellee.
Before BOUTALL, CURRAULT and GAUDIN, JJ.
CURRAULT, Judge.
This appeal arises from a judgment dismissing a third-party demand for indemnity and/or contribution filed by third-party plaintiff, Amerada Hess Corporation (Amerada) against third-party defendant Donald Moyer. We reverse and remand.
The third-party action derived from a personal injury suit in which plaintiffs, Linton and Earline Bergeron, individually and as representatives of the estate of Perry J. Bergeron, and Robin B. Bergeron, as the legal and natural tutrix of the minor child, Terrence Bergeron, filed suit against Amerada, ABC Insurance Company (ABC Insurance), John Brown and John Meyers to recover damages as a result of the death of Perry Bergeron in a boating accident. The death resulted from an accident which occurred on the night of April 26, 1983. Decedent was a passenger in an eighteen-foot boat being driven by third-party defendant, Donald Moyer, when the boat collided with an oil well and platform maintained by Amerada.
On March 26, 1984, within the one-year prescriptive period, plaintiffs filed suit against Amerada, its insurer, and several of Amerada's employees. Amerada filed a third-party demand against Moyer and his insurer for indemnification and/or contribution.
In early January, 1985, counsel for Moyer filed a peremptory exception of prescription alleging that under LSA-C.C.P. Article 1067, Amerada's time to implead a third party had expired because the demand came ninety days after the main petition had been filed.
On March 6, 1985, the motion was argued and was granted in a judgment rendered March 21, 1985.
Third-party plaintiff, Amerada, thereafter perfected an appeal of that judgment.
The sole issue is whether the incidental demand filed by Amerada against Donald Moyer and his insurer for indemnification and/or contribution has prescribed under LSA-C.C.P. Article 1067.
Appellants argue that LSA-C.C.P. Article 1067 was erroneously applied by the trial court in that the article is only applicable to prescribed incidental demands. Since the action is one for contribution and/or indemnity, for which prescription does not begin to run until appellant is cast in judgment, it is argued that LSA-C.C.P. Article 1067 cannot be applied.
LSA-C.C.P. Article 1067 states:
"Art. 1067. When prescribed incidental or third party demand is not barred
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand."
The main demand herein was filed on March 26, 1984, eleven months following the accident. The third-party demand was filed in August, 1984, or four months from date the principal action would have prescribed (April 26, 1984).
The case law interpreting the article has held that the article is an exemption rather than a prescriptive statute, and only applies to incidental demands which would otherwise have prescribed after the filing of the main demand. Smith v. Hartford Accident and Indemnity Co., 399 So.2d 1193 (La.App.3d Cir.1981), writ den. 406 So.2d 604 (La.1981); Kelly v. Louisiana Stadium & Exposition District, 380 So.2d 669 (La.App. 4th Cir.1980); Thomas v. W & *1310 W Clarklift, Inc., 365 So.2d 913 (La.App. 4th Cir.1978), rev'd on other grounds 375 So.2d 375 (La.1979); Blue Streak Enterprises, Inc. v. Gulf Coast Marine, Inc., 370 So.2d 633 (La.App. 4th Cir.1979). Thus, if the nature of the third-party action is such that it would have prescribed after plaintiff filed suit timely, then the article allows a ninety-day period to assert the third-party demand. If, however, the action has not or could not prescribe, the article is inapplicable. Thomas v. W & W Clarklift, supra.
In regard to a claim for indemnity or contribution, prescription does not begin to run until the right vests. Thomas v. W & W Clarklift, Inc., supra. Stated another way, prescription does not run until the party seeking it is cast in judgment. Blue Sreak, supra; Smith, supra; McKneely v. Don Coleman Construction Co., Inc., 441 So.2d 497 (La.App.2d Cir.1983); Matt v. Cox, 408 So.2d 389 (La.App. 1st Cir.1981); Guidry v. Hoogvliets, 411 So.2d 629 (La. App. 4th Cir.1982).
Given these principles of law, appellee contends that appellant's claim is not properly one in indemnity or contribution as there is no solidary liability between Amerada and Moyer; and thus appellee asserts that Article 1067 applies to bar appellant from asserting the demand since the claim was not filed within the ninety-day exemption period.
Solidary liability is a prerequisite in Louisiana law to claim for contribution. LSA-C.C. Article 2091 states:
"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
The obligation may be in solido even though the obligations arise from separate acts or for different reasons. Perez v. State Farm Ins. Companies, 458 So.2d 218 (La.App. 5th Cir.1984).
In Narcise v. Illinois Central R. Co., 427 So.2d 1192 (La.1983), the Louisiana Supreme Court explained:
"The coextensive obligations for the `same thing' create the solidarity of the obligations. When it is not clear that the parties are all obliged to the same thing (as in the case of an agreement by several parties to repay a loan), then an obligation in solido is not presumed and must be expressly stipulated. La.C.C. Art. 2093. However, when it is entirely clear that the parties are all obliged to the same thing (as when the law requires each of two or more parties to pay tort damages concurrently caused by each party), then there is an obligation in solido by definition, as a matter of law, and there is no need to presume solidarity. The presumption against solidarity is only designed to be of assistance when it is necessary to determine whether an obligation is joint or solidary." At p. 1194 (Emphasis added)
LSA-C.C. Article 2324 provides:
"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
"Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution."
In determining the right to an indemnity claim in tort, the Narcise court noted:
"Indemnity has been allowed between debtors in solido when actual fault is attributable to one of the parties and the other is only technically or constructively at fault for failure or omission to perform some legal duty. See Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (La.1922), in which this court held that the new owner of a warehouse, while liable to a night watchman *1311 injured by a falling door, had a cause of action for indemnity against the previous owner, who was still in possession of the building.
"However, in Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980), this court held that the owner of a department store was not entitled to indemnity (as opposed to contribution) from the manufacturer of an escalator, on which the claimant was injured when his foot became stuck in an opening, because the owner did not show `some greater fault' on the part of the manufacturer." At page 1196.
After our review of the record, we find that the trial court erred in granting the exception of prescription as the facts indicate potential joint or concurring liability of appellee, the driver of the boat, with that of appellant, the owner of the injuryproducing oil well. Thus, appellant has a potential claim for at least contribution. Because of this finding, it is unnecessary to determine whether the claim for indemnity is valid. In any event, resolution of those issues is a matter for the trial court.
Therefore, after a review of the law and the record, we hereby reverse the judgment of the trial court and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.