712 So.2d 1006 (1998)
Alma Gilton WIGGINS, Individually and on behalf of her minor child, Duncan Wiggins
v.
STATE of Louisiana, through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. CA 97 0432.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
*1007 Dorothy Jackson, Baton Rouge, for Defendant/Appellant DOTD.
Walter Dumas, Baton Rouge, for Plaintiff/Appellee Alma Gilton Wiggins.
Denis Gaubert, III Thibodaux, for Third Party Defendants and Third Party Plaintiff Clayton Gros and La. Farm Bureau Ins. Co.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
Defendant, the State, through the Department of Transportation and Development, appeals the trial court's judgment maintaining plaintiff's peremptory exception of prescription and denying defendant's peremptory exception of no right of action. For the following reasons, we affirm the judgment insofar as it denied defendant's peremptory exception of no right of action and reverse the portion of the judgment maintaining the peremptory exception of prescription.

*1008 FACTS AND PROCEDURAL HISTORY
This suit arises from an accident which occurred on July 30, 1993, when Clayton C. Gros, while driving his truck on Highway 400 in Assumption Parish, struck a pedestrian, Duncan Wiggins. Duncan Wiggins is the minor son of Alma Gilton Wiggins and Wilfred W. Wiggins. On the same day the accident occurred, Alma and Wilfred physically separated.
On December 20, 1993, Alma filed a petition for divorce, alleging that she and Wilfred had been separated since July 30, 1993. Approximately one year after they separated, on July 18, 1994, the trial judge granted the divorce; however, he did not sign the judgment until August 3, 1994. Six days earlier, on July 28, 1994, Alma filed suit individually and on behalf of Duncan against the DOTD.[1] Thus, at the time the suit was filed, she and Wilfred were still married.
On August 8, 1994, the DOTD was served with the petition, which it answered on October 7, 1994. Over a year later, on December 22, 1995, the DOTD filed a pleading styled "RECONVENTIONAL DEMAND AND THIRD-PARTY DEMAND" naming Alma as a defendant-in-reconvention, seeking indemnity and contribution from Alma for her negligence in failing to properly supervise her child and in allowing him to play near the highway, which it alleged had contributed to Duncan's accident.[2]
Citing LSA-C.C.P. art. 1067, on January 3, 1996, plaintiff filed a peremptory exception of prescription, contending that the DOTD had failed to file its reconventional demand within the proper time period, as more than ninety days had elapsed since the August 8, 1994 service of the petition on the DOTD. Thus, plaintiff contended that the DOTD's claim against Alma was prescribed.
On February 16, 1996, (after filing its original answer, and the answer and reconventional demand) the DOTD filed what it titled a peremptory exception of no right of action, contending that Alma was not the proper party plaintiff to represent the minor, Duncan. The trial court maintained defendant's exception, but granted plaintiff 15 days to amend her petition in order to "cure" the defect if possible. Plaintiff then amended her petition to read, wherever appropriate, "Alma Gilton Wiggins, Individually and As Natural Tutrix of Her Minor Child, Duncan Wiggins."
The DOTD then refiled and reurged its peremptory exception of no right of action, and on May 20, 1996, the trial court conducted a hearing on both the DOTD's exception of no right of action and plaintiff's exception of prescription. After reconsidering its earlier ruling on the DOTD's exception, the trial court denied the DOTD's exception and maintained plaintiff's exception. The DOTD applied for supervisory writs, which this court denied, remanding the case to the trial court with instructions to grant the DOTD an appeal herein.
Thus, the DOTD now appeals, assigning as error: (1) the trial court's denial of the DOTD's peremptory exception of no right of action and (2) the trial court's grant of plaintiff's peremptory exception of prescription.

DILATORY EXCEPTION OF LACK OF PROCEDURAL CAPACITY
In the exceptions, styled as "exception[s] of no right of action," the DOTD asserted that Alma was not the proper party to bring action on Duncan's behalf, as she had not been judicially appointed tutrix of her minor son, and she and Wilfred were married at the time of Duncan's accident, making Wilfred the proper party to bring the suit.[3] At the outset, we note that the nature of a pleading must be determined by its substance, not by its caption. Bonaventure v. Pourciau, 577 So.2d 742, 746 (La.App. 1st Cir.1991).
*1009 With respect to the exceptions of no right of action filed herein, it is clear that the law recognizes the right of the mother to institute suit and assert the claim on behalf of her child under certain circumstances, where the mother has complied with the procedural formalities which allow her to qualify as the child's representative. In the exceptions, the DOTD attacks the procedural capacity of the mother to assert the claim, by filing suit in the minor's behalf while still married to the child's father. Accordingly, as the trial court correctly determined, although couched as "no right" exceptions, the DOTD was challenging the procedural capacity of Alma, as opposed to Wilfred, to bring suit on Duncan's behalf. Thus, the court correctly found that the actual exception the DOTD was raising was that of lack of procedural capacity.
Lack of procedural capacity is a dilatory exception which must be pleaded prior to or in the answer or it is waived. LSA-C.C.P. art. 926 A(6); LSA-C.C.P. art. 928; Shatoska v. Whiddon, 468 So.2d 1314, 1318 (La.App. 1st Cir.), writ denied 472 So.2d 35 (La.1985).[4] By failing to plead it prior to or in the answer, the DOTD waived the dilatory exception of lack of procedural capacity and the objection "could not be resurrected by camouflaging it" as a peremptory exception of no right of action. See Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007, 1018 (La.1993). Thus, the trial court properly denied the DOTD's exceptions herein of lack of procedural capacity, incorrectly styled as no right of action exceptions.[5]

PEREMPTORY EXCEPTION OF PRESCRIPTION
A defendant must assert, in the form of a reconventional demand, all causes of action that he has against the plaintiff which arise out of the transaction or occurrence which is the subject matter of the principal action. LSA-C.C.P. art. 1061. If a defendant fails to assert his claim in reconvention, he loses it, as res judicata will bar relitigation of issues common to both causes of action. LSA-C.C.P. art. 1061, Comments1990 (b). A defendant commences his reconventional demand by petition or by incorporating it into his answer to the principal demand. LSA-C.C.P. art. 1032. If a defendant does not include his reconventional demand in his answer, he may still assert it by petition if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of the main demand. LSA-C.C.P. art. 1067. In determining whether the DOTD's pleadings were untimely, we must again focus on the substance of the demand and not the title of the pleading.

DEFENSES TO ALMA'S INDIVIDUAL CLAIM
According to the petition filed herein, plaintiff asserted a claim: (1) individually (for medical bills which she has paid) and (2) on behalf of the minor (for his personal injuries and damages allegedly sustained) based upon the DOTD's negligence. In response, the DOTD filed what was styled a "RECONVENTIONAL DEMAND AND THIRDPARTY DEMAND," seeking "contribution and/or indemnity" from Alma.
In actuality, the DOTD's "demand" asserted herein was simply an assertion of a defense, i.e. reduction of Alma's individual claim due to her comparative fault and negligence, in failing to supervise her child. *1010 Thus, although raised in a pleading labeled "RECONVENTIONAL DEMAND AND THIRD-PARTY DEMAND," the DOTD's assertion of this defense to Alma's individual claim, which could have been raised in the DOTD's answer or through an amended answer, with leave of court, was not time-barred by LSA-C.C.P. art. 1067. Accordingly, the trial court erred insofar as it maintained plaintiff's exception of prescription based on the DOTD's failure to file within ninety days of date of service of the main demand.

CLAIMS RELATED TO ALMA'S ACTION ON BEHALF OF DUNCAN
The DOTD further asserted in its "reconventional demand" that because Alma failed to exercise proper parental supervision and control, which allegedly caused or contributed to Duncan's accident and injuries, it is owed contribution and/or indemnity from Alma for any amounts which the DOTD may be condemned to pay on behalf of Duncan. As noted above, "the nature of a pleading must be determined by its substance, not by its caption." Bonaventure v. Pourciau, 577 So.2d at 746.
Whether titled a reconventional demand or third-party demand, it is apparent that the DOTD's claim against Alma, for her individual negligence as an alleged joint tortfeasor, truly constitutes a claim for contribution and/or indemnity. For the reasons set forth below, the DOTD's claim for contribution and/or indemnity is not governed by or time-barred by the provisions of LSA-C.C.P. art. 1067.
Code of Civil Procedure article 1067 provides:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
As this court has previously noted in Hendrick v. Stone, Pigman, Walther, Wittmann and Hutchinson, 95-1577, p. 4 (La.App. 1st Cir. 6/28/96); 677 So.2d 716, 719, writs denied, 96-2013, 96-2136 (La.11/8/96); 683 So.2d 271, 272, there is a distinction between the right to "claim" contribution and the right to "collect" contribution. The right to claim contribution is legally the "right of action" for contribution and the right to collect contribution is legally the "cause of action" for contribution. As a general rule, a person cannot exercise his right of action until the corresponding cause of action accrues. However, LSA-C.C. art. 1805 has provided an exception to this general rule and authorizes a solidary obligor to exercise his right of action for contribution before the cause of action accrues. Since subrogation is the source of contribution and subrogation does not take place until one solidary obligor "pays" the debt he owes with others, according to LSA-C.C. art. 1829(3), the cause of action does not mature or accrue until payment in excess of the virile portion is made.
In this case, the DOTD's right to contribution and/or indemnity vested at the time of the delict, i.e., the date of Duncan's accident; and a solidarily liable tortfeasor could be answerable to the plaintiff for up to fifty percent of his damages. LSA-C.C. arts. 2323 and 2324 B. Thus, under the law then in effect, the DOTD had a potential right of action against Alma if (1) found at fault on trial of the merits and (2) obligated to pay in excess of its virile share.
In Hendrick, regarding a cross-claim for contribution, the appellant argued that prescription could not begin to run on cross-claim until the cause of action matured, i.e., at the time of judgment and payment of an excess of its virile portion. This court agreed. Thus, because the demand for contribution was filed prior to trial on the merits, and consequently prior to the time the cause of action for contribution had even matured, this court found that the cross-claim was not prescribed. Hendrick, 95-1577 at pp. 6-7; 677 So.2d at 720.
In determining in Hendrick that the exception of prescription should have been denied, this court relied upon Bergeron v. Amerada Hess Corp., 478 So.2d 1308 (La.App. 5th Cir.1985). In Bergeron, the plaintiffs *1011 filed suit against one defendant within the applicable one year prescriptive period, who then filed a third-party demand seeking contribution against another tortfeasor. However, the third-party demand was not filed until four months after the principal action would have prescribed. Bergeron, 478 So.2d at 1309.
The third-party defendant filed a peremptory exception of prescription alleging that pursuant to LSA-C.C.P. art. 1067, the third party plaintiff only had ninety days from service of the main demand to file the claim. However, the court found that since the action was for contribution and/or indemnity, prescription could not begin to run until defendant was cast in judgment. Therefore, the time periods set forth in LSA-C.C.P. art. 1067 were not applicable. Bergeron, 478 So.2d at 1309. The court recognized that LSA-C.C.P. art. 1067 is an exemption rather than a prescriptive statute. Thus, if the action had not or could not have prescribed (because the cause of action had not yet arisen), the time limitations of article 1067 would not apply. Bergeron, 478 So.2d at 1309-1310.
In this case, plaintiff contended, and the trial court agreed, that the DOTD's claim for contribution and/or indemnity against Alma was prescribed, citing article 1067. The DOTD was served with the original petition on August 8, 1994. The "reconventional demand" was not filed until December 22, 1995, and thus was filed after the principal action would have prescribed (July 30, 1994) and more than ninety days after service of process of the original petition.
However, as in Bergeron, we find that any limitation set forth in article 1067 is not applicable, as the DOTD's cause of action for contribution and/or indemnity against Alma has not accrued. As we noted in Hendrick, prescription does not begin to run on the DOTD's claim for contribution until the cause of action matures, i.e., at the time of judgment and payment by the DOTD in excess of its virile portion. Thus, the trial court erred in finding that the DOTD's right to seek contribution from Alma, individually, prescribed by application of LSA-C.C.P. art. 1067.

CONCLUSION
For the above and foregoing reasons, we affirm the trial court's judgment denying the DOTD's exception of lack of procedural capacity, incorrectly styled "no right of action." The judgment maintaining plaintiff's exception of prescription is reversed, and the matter is remanded for further proceedings consistent with this opinion. Costs, in the total amount of $366.74, are assessed one-half each to the DOTD and plaintiff, Alma Wiggins.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] The record shows that on September 27, 1993, Alma and Wilfred Wiggins had executed a "Parents' Receipt, Release, and Indemnity Agreement" with Gros and his insurer, Louisiana Farm Bureau Insurance Company, releasing both from further liability upon their payment of $25,000.00 to plaintiffs.
[2] Gros and his insurer also were named as third-party defendants therein.
[3] A court-appointed tutor is the proper plaintiff to sue to enforce the right of an unemancipated minor when the parents are divorced, and the father is the proper plaintiff when the parents are not divorced. LSA-C.C.P. art. 683B and C.
[4] We note that Acts 1997, No. 1055, Sec. 1 amended LSA-C.C.P. art. 928 to allow a party to plead a dilatory exception in the answer as well as prior to filing the answer. However, because it is clear that the DOTD filed its original answer and its subsequent reconventional and third-party demand, incorporating its previous answer, prior to filing the exceptions, the Act does not affect the outcome of this case under the procedural events which occurred herein.
[5] We further find it is of no moment that the trial court originally maintained the exception, with leave granted plaintiff to amend. A judgment maintaining a dilatory exception, with leave to amend the pleadings, is an interlocutory judgment, determining only preliminary matters in the course of the action. See Alker v. Rauch, 498 So.2d 28, 29-30 (La.App. 1st Cir.1986). The trial court has the authority to review an interlocutory ruling rendered by it and to change it if the earlier ruling would do substantial injustice. Lee v. East Baton Rouge Parish School Board, 623 So.2d 150, 154 (La.App. 1st Cir.), writ denied, 627 So.2d 658 (La.1993).