985 So.2d 740 (2008)
Phillip E. DOSS and Michele C. Doss
v.
Daniel Frank CUEVAS, Auto Club Family Insurance Company, First Horizon Home Loan Corporation, and Federal Flood Certification Corporation.
No. 2007 CA 1803.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
*741 Kristine K. Sims, Richard A. Tonry, II, Raymond J. Brinson, Brian L. Glorioso, Slidell, LA, for Plaintiffs/Appellants, Phillip E. Doss and Michelle C. Doss.
Matthew D. Monson, Covington, LA, for Defendant/Appellee, First Horizon Home Loan Corporation.
Arthur H. Leith, New Orleans, LA, for Defendant, Federal Flood Certification Corporation.
David Israel, Kevin G. Barreca, Metairie, LA, for Daniel Frank Cuevas and Auto Club Family Insurance Company.
Before CARTER, C.J., PETTIGREW and WELCH, JJ.
PETTIGREW, J.
Plaintiffs appeal a summary judgment rendered in favor of defendant, First Horizon Home Loan Corporation (First Horizon). We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
In 2005, plaintiffs, Phillip E. Doss and Michele Doss, purchased certain property in Slidell, Louisiana. During the purchase process, plaintiffs allegedly determined that the property was located in Flood Zone A-10 and that flood insurance was needed to cover the property. Plaintiffs contend that they then contracted with Daniel Frank Cuevas, a Louisiana licensed insurance agent, and Auto Club Family Insurance Company (Auto Club) to assume the flood insurance policy of the property's previous owner, John Fayard. Several months after the plaintiffs purchased the property, the property was damaged by Hurricane Katrina. Thereafter, the plaintiffs discovered that the assumption had *742 not been processed properly, and the property was not covered by flood insurance.
On March 17, 2006, plaintiffs filed the underlying action in this matter against Cuevas and Auto Family, asserting causes of action for breach of contract, negligence, and detrimental reliance based upon these defendants' failure to process the assumption of the policy correctly. In their petition, the plaintiffs alleged that they had discovered that the properly was not covered by a flood insurance policy after the property was damaged during Hurricane Katrina and that they had been reasonable in believing that the assumption had been processed. Plaintiffs further named First Horizon as a defendant, contending that First Horizon had failed to require or "force place" flood insurance on the property. In addition, plaintiffs contended that First Horizon negligently hired and supervised another defendant, Federal Flood Certification Corporation (Flood Certification), which had improperly determined that the property was not in a special flood zone.
First Horizon removed the matter to federal district court based on federal question jurisdiction under the National Flood Insurance Act of 1968, 42 U.S.C.A. § 4001, et seq.; however, the federal court subsequently remanded the matter to the state district court, finding no federal question jurisdiction. Thereafter, First Horizon filed a motion for summary judgment, seeking dismissal of the plaintiffs' claims against it. After a hearing, the trial court granted the motion and rendered judgment in favor of First Horizon. A judgment dismissing the plaintiffs' claims against First Horizon was signed on May 21, 2007.[1] It is from this judgment that the plaintiffs have appealed, contending that genuine issues of material fact remain.

SUMMARY JUDGMENT
Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Duplantis v. Dillard's Dept. Store, XXXX-XXXX, p. 5 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 679, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 350. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, its burden on the motion does not require it to negate all essential elements of the adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is "material" for summary judgment purposes can be seen only in light of *743 the substantive law applicable to the case. Dickerson v. Piccadilly Restaurants, Inc., 99-2633, pp. 3-4 (La.App. 1 Cir. 12/22/00), 785 So.2d 842, 844.

DISCUSSION
Although plaintiffs have attempted to assert claims against First Horizon based on breach of contract and negligence, plaintiffs rely primarily on the theory of detrimental reliance in their brief to this court. Specifically, plaintiffs contend that First Horizon's actions and representations led them to believe that the acquisition of flood insurance was a condition that must be satisfied prior to loan approval and closing.
The theory of detrimental reliance is codified in LSA-C.C. art. 1967, which provides, in pertinent part:
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.
To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. Suire v. Lafayette City-Parish Consolidated Government, XXXX-XXXX, p. 31 (La.4/12/05), 907 So.2d 37, 59. The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. Id. However, it is difficult to recover under the theory of detrimental reliance, because estoppel is not favored in Louisiana law. May v. Harris Management Corporation, 2004-2657, p. 6 (La.App. 1 Cir. 12/22/05), 928 So.2d 140, 145.
Plaintiffs contend that First Horizon was aware that the property at issue was located in a special hazard flood area and that First Horizon provided plaintiffs with two written "Good Faith Estimates" indicating that flood insurance on the property was a condition precedent to the loan. According to plaintiffs, First Horizon never notified them that it had modified or eliminated the requirement of flood insurance as a condition precedent to the loan. Therefore, plaintiffs assert that they were justified in believing, based on these actions and statements by First Horizon, that the loan would not close without flood insurance having been obtained for the property. Plaintiffs' argument is without merit.
The mortgage contract between First Horizon and the plaintiffs clearly places the responsibility for obtaining insurance covering the property on the plaintiffs. Specifically, the contract provides, in pertinent part:
5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking *744 services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.
If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.
In addition to placing the burden of obtaining insurance coverage on the plaintiffs, the contract further provides that First Horizon is under no obligation to purchase any kind of insurance to cover the property. Thus, the contract between the parties clearly contradicts the plaintiffs' contentions that First Horizon made any assertions that it would obtain insurance coverage.
Furthermore, although the parties agree that Mrs. Doss and Erin Walcott, an employee of First Horizon, discussed the necessity of flood insurance, the plaintiffs have not offered any proof to demonstrate that Ms. Walcott suggested or agreed that First Horizon would obtain this insurance. Ms. Walcott's affidavit states that she had a conversation with Mrs. Doss, in which Mrs. Doss acknowledged that the property was located in Flood Zone A-10. According to Ms. Walcott's affidavit, Mrs. Doss stated that she was going to attempt to assume the flood insurance policy already in place on the property from the previous owner. Ms. Walcott further insists that neither she nor First Horizon ever promised or agreed to procure flood insurance on the property.
In an attempt to counter this affidavit, Mrs. Doss submitted an affidavit regarding her own recollection of this conversation. In her affidavit, Mrs. Doss acknowledged that she was aware that the property was located in Flood Zone A-10. She further stated that she had begun the process for assuming the flood insurance policy from the previous owner, and that she had advised Ms. Walcott of the policy's cost. According to Mrs. Doss, even after these conversations, Ms. Walcott never advised her that flood insurance would not be required as a condition precedent to the loan. Notably, Mrs. Doss made no assertions suggesting that Ms. Walcott or First Horizon ever offered or promised to obtain flood insurance on her behalf.
After a thorough de novo review, we find that the plaintiffs have failed to meet even the first element necessary to establish a claim for detrimental reliance. As the evidence in the record shows, First Horizon made no promises or assertions *745 that it would be responsible for obtaining flood insurance covering the property. In fact, the evidence clearly demonstrates that First Horizon placed that responsibility on the plaintiffs by the language of the contract between the parties, and plaintiffs have failed to demonstrate any contradictory assertion or promise by First Horizon. Accordingly, we find no error in the judgment of the trial court.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to the plaintiffs, Phillip E. Doss and Michele Doss.
AFFIRMED.
NOTES
[1] The trial court designated the judgment as final in accordance with LSA-C.C.P. art. 1915.