999 So.2d 151 (2008)
NORTHSIDE FURNITURE OF RUSTON, INC., Plaintiff-Appellant,
v.
FIRST TOWER LOAN, INC., Defendant-Appellee.
No. 43,736-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
Rehearing Denied January 8, 2009.
Culpepper & Carroll, PLLC by Bobby L. Culpepper, Jonesboro, for Appellant.
Wiener, Weiss & Madison by M. Allyn Stroud, Shreveport, for Appellee.
*152 Before WILLIAMS, GASKINS & PEATROSS, JJ.
PEATROSS, J.
In this breach of contract case, the district court found that Northside Furniture of Ruston, Inc. ("Northside") failed to prove that contracts were formed and ruled in favor of First Tower Loan, Inc. ("Tower Loan"), dismissing Northside's case with prejudice. Northside appeals. For the reasons stated herein, we affirm.

FACTS
Northside is a furniture store in Ruston, Louisiana. Tower Loan had been financing purchases by Northside furniture customers since 1991. Customers would select merchandise and Northside would have them complete a Retail Installment Contract Security Agreement and Disclosure Agreement ("sales contract"), i.e., a loan application (provided by Tower Loan), which would be approved by Tower Loan. In most cases, the merchandise would be delivered by Northside to the customer the same day, or whenever the customer requested. On the reverse side of the sales contract there is an assignment clause whereby Northside would assign the sales contract to Tower Loan in order to receive funding. According to the testimony of a Northside employee, in most cases, the assignments on the reverse of the sales contract would then be faxed to Tower Loan and the funds later delivered to Northside. In some instances, Northside would hand deliver the original documents to Tower Loan, sign the assignments and receive funding on the loans.
Apparently, Northside and Tower Loan historically enjoyed a good business relationship, having opened at least 833 accounts, with funding ultimately provided by Tower Loan. The record reveals, however, that the relationship deteriorated when a customer became dissatisfied with a purchase and Northside would not return the funds provided by Tower Loan. There is some indication in the record that the branch manager of Tower Loan became quite disenchanted with Northside following the dispute of this account.
Thereafter, the three accounts at issue herein came about. The loan applications were preliminarily approved by Tower Loan for Northside customers. The paperwork was then completed, except for the execution of the assignments to Tower Loan.[1] A representative of Northside telephoned Tower Loan and asked when she could bring the original documents to Tower Loan's office and receive the funding. At that time, an employee of Tower Loan advised the employee of Northside that it would no longer be doing business with Northside and would not be funding the three loans at issue.
Northside subsequently filed the instant suit, alleging that Tower Loan had breached its contract with Northside due to Tower Loan's failure to provide funding on the three approved accounts. Northside sought damages in the total amount of the accounts plus damages for embarrassment, loss of income, money paid on interest, breach of contract, attorney fees and other damages. Tower Loan argued that no contracts between it and Northside were confected; rather, it only conditionally approved the loans. According to Tower *153 Loan, each of the sales contracts at issue contained assignment clauses; and, since the assignments of the accounts in favor of Tower Loan were never executed and delivered, there were no binding contracts and it was not required to provide the funding on the accounts.
The trial court ruled in favor of Tower Loan, finding that Northside failed to carry its burden of proving that contracts had been confected. The trial court, therefore, did not reach the issue of breach. The court relied on the fact that the assignment clauses had not been executed and delivered, along with the original documents, to Tower Loan. The court opined that this failure constituted "nonfulfillment" of Northside's contractual obligations, which were necessary to require Tower Loan to fulfill its obligation of funding the loans. It noted that it was the parties' practice and habit that the executed assignments would be provided and the funding would follow. The court stated that "approval for a loan is not equal to assignment of that loan. The law presumes that parties intend to be bound by the form they have adopted." The trial court further found no detrimental reliance and, alternatively, that Northside had not shown any damages. This appeal by Northside ensued.

DISCUSSION
Northside assigns the following as errors on appeal (verbatim):
1. The district court erred, as a matter of law, in not finding a breach of contract.
2. The district court erred, alternatively, in not finding detrimental reliance.
3. The district court erred, as a matter of law, in failing to find that plaintiff proved damages.

Existence/Breach of Contract
Before inquiring as to whether any breach of contract has occurred, the court must answer the question of the existence of a contract. As previously stated, the trial court found that Northside failed to carry its burden of proving the existence of contracts between it and Tower Loan. The trial court's conclusion that there were no contracts between Northside and Tower Loan because they contemplated signed and delivered assignments is a finding of fact which may not be disturbed on appeal unless it is found to be clearly wrong. Baldwin v. Bass, 28,984 (La.App.2d Cir.12/11/96), 685 So.2d 436, writ denied, 97-0111 (La.3/7/97), 690 So.2d 20.
Northside has the burden of proving the existence of the contracts. La. C.C. art.1947 provides:
When, in the absence of a legal requirement, the parties have contemplated a certain form, it is presumed that they do not intend to be bound until the contract is executed in that form.
The past practices and habit of the parties clearly reflect that both Northside and Tower Loan contemplated that the approvals provided by Tower Loan at the time of the furniture purchases were preliminary. The assignment of the sales contracts would then be signed by Northside and exchanged for the funding. Without the delivery of the signed assignments, Tower Loan had no warranties on the loans and could not seek payment from the customer on the loans. Based on these past practices, in accordance with article 1947, we conclude that, in order for Northside to meet its burden of proving a contract and breach thereof, it would have to show that (1) the assignments to Tower Loan were executed, (2) the assignments were delivered to Tower Loan with the sales contracts, (3) Tower Loan then failed to perform *154 under the contract by refusing to fund the sales contracts and (4) Northside suffered a loss. Since the assignments were never signed and delivered, no contract was ever formed. The issue of breach is never reached. We find no error in the conclusion of the trial court in that regard.

Detrimental Reliance
In its second assignment of error, Northside alternatively challenges the trial court's rejection of its claim that it is entitled to recover under the doctrine of detrimental reliance. We find no merit in Northside's argument.
La. C.C. art.1967 provides:
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
To recover under a theory of detrimental reliance, a plaintiff must prove the following three elements by a preponderance of the evidence (1) a representation by conduct or work, (2) justifiable reliance thereon and (3) a change in position to one's detriment because of the reliance. Miller v. Miller, 35,934 (La.App.2d Cir.5/8/02) 817 So.2d 1166, writ denied, 02-1890 (La.10/25/02), 827 So.2d 1154; Jackson v. Lare, 34,124 (La.App.2d Cir.11/1/00), 779 So.2d 808.
It is difficult to recover under the theory of detrimental reliance, because estoppel is not favored in Louisiana law. Doss v. Cuevas, 07-1803 (La.App. 1st Cir.3/26/08), 985 So.2d 740. Claims of detrimental reliance must be examined strictly and carefully. McPherson v. Cingular Wireless, LLC, 07-0462 (La.App. 3d Cir.10/3/07) 967 So.2d 573, writ not considered, 07-2147 (La.1/7/08), 972 So.2d 1150.
In the case sub judice, the trial court opined that any reliance on the part of Northside on the eventuality of Tower Loan's funding the accounts that it preliminarily approved, without Northside executing and delivering the assignments to Tower Loan, was unjustifiable. We find no error in this conclusion. There is no dispute that the parties' practice was that signed assignments would be provided to Tower Loan by Northside simultaneously or prior to funding of the accounts by Tower Loan. As previously noted, Tower Loan could not collect from the borrower, nor was it protected by any warranties, without the proper assignments. Moreover, Northside retained the power to take the accounts to another lending institution or to collect payments from the borrowers directly as long as it owned the accounts. In summary, we find that it was not reasonable for Northside to rely on Tower Loan to fund the accounts without first executing the assignments. Accordingly, Northside's claim of detrimental reliance must fail.

Damages
Finally, regarding damages, Northside argues that it suffered, inter alia, monetary loss in the amount of the total of the three accounts. Our review of the record, however, reveals that the trial court was correct in its finding that Northside produced no evidence of any such damages, pecuniary or otherwise. If the plaintiff suffered no damage in reliance on a promise, there was no detrimental reliance. Jackson v. Lare, supra. Simply put, even if Northside did suffer damage, none was proven at trial.

*155 CONCLUSION

For the foregoing reasons, the judgment of the trial court in favor of First Tower Loan, Inc., and dismissing the claims of Northside Furniture of Ruston, Inc. is affirmed. Costs of appeal are assessed to Northside Furniture of Ruston, Inc.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, PEATROSS, DREW & MOORE, JJ.
Rehearing denied.
NOTES
[1] Northside provided testimony that the assignments had been signed and faxed to Tower Loan sometime after it was informed that Tower Loan would not provide the funding on the accounts. Critically, however, the sales contracts attached to Northside's petition contain unexecuted assignment clauses and Northside failed to produce any such signed assignments at trial.