WEIMER, J.,
concurring.
hi concur in the result only. Because prescription does not commence on a claim for indemnity until a party has sustained a loss, either through payment, settlement, or an enforceable judgment, I would hold the indemnity claim is not time barred. See Wiggins v. State, Department of Transportation and Development, 97-0432, p. 7 (La.App. 1 Cir. 5/15/98, 712 So.2d 1006, 1011), writ not considered, 98- *960 1652 (La.9/25/98), 726 So.2d 6 (claim for indemnity not governed by or time-barred by the provisions of LSA-C.C.P. art. 1067).
Further, there is a distinction between the right to “claim” indemnity and the right to “collect” indemnity. Generally, a person cannot exercise his right of action until the corresponding cause of action accrues. However, a solidary obligor may exercise his right of action for indemnity before the cause of action accrues. LSA-C.C. art. 1805. Subrogation is the source of indemnification, and “[sjubrogation takes place by operation of law ... [i]n favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment.” LSA-C.C. art. 1829(3); Wiggins, supra.
Thus, NOAB’s action against ETI is neither premature nor prescribed.