TERRI F. LOVE, Judge.
| ¡Defendant/Third Party Plaintiff/Appellant, Sharon Coard, appeals the judgment of the trial court that granted the exception of no cause of action filed by Defendant in Cross-Claim, Tony Joseph. We find that Ms. Coard’s petition states facts upon which she may be able to recover under a theory of detrimental reliance/es-toppel. Therefore, we reverse the judgment and remand for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL BACKGROUND
This matter arises from an automobile accident that occurred on April 30, 2004, between vehicles operated by Michelle Gaspard and Sharon Coard. Ms. Gas-pard’s insurer, State Farm Automobile Insurance Company (State Farm), filed a subrogation suit against Tony Joseph, the owner of the vehicle operated by Ms. Coard; his insurer, Direct General Insurance Company of Louisiana (Direct General); and Ms. Coard to recoup monies it paid in connection with the accident. Thereafter, Ms. Coard filed a Third Party Demand/Cross Claim against Ms. 12Gaspard, State Farm, and Direct General. The cross claim against Direct General alleged that she drove Mr. Joseph’s vehicle with his permission and requested damages from Direct General for its failure to provide her with a defense.
In response to Ms. Coard’s cross claim, Direct General filed a Motion for Summary Judgment. The motion alleged that Ms. Coard was an excluded driver. Hence, she was not covered under Mr. Joseph’s policy. The trial court granted Direct General’s summary judgment motion. Ms. Coard sought supervisory writ review before this Court, which was denied.
State Farm initially filed a motion on January 10, 2010, to dismiss voluntarily Tony Joseph, reserving its rights to proceed against Ms. Coard. This motion was not acted upon, and State Farm filed another Motion For Partial Dismissal on September 3, 2010. The trial court granted the Motion For Partial Dismissal that dismissed Mr. Joseph on December 15, 2010.
Before Mr. Joseph was dismissed from the action, Ms. Coard filed a second cross claim on March 18, 2010, in which she named Mr. Joseph as a defendant. The cross claim sought indemnity and other damages from Mr. Joseph on the basis that he breached a statutory duty to provide insurance to her as a permitted driver of his vehicle and that he let her believe that she was an insured on the Direct General policy. To counter, Mr. Joseph filed an Exception of No Cause of Action. The trial court granted the exception and *1242 dismissed the cross claim. Ms. Coard then filed the present appeal.
IsSTANDARD OF REVIEW
In Southern Tool Supply, Inc. v. Beerman Precision, Inc., this Court recited the standard of review for a trial court’s decision on an exception of no cause of action as follows:
We review a trial court’s decision on an exception of no cause of action de novo “because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition.” City of New Orleans v. Board of Comm’rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In so doing, we are confined to the allegations of the petition. No evidence can be introduced to support or to controvert an exception of no cause of action. La. C.C.P. art. 931. Rather, we must accept as true the well pleaded factual allegations set forth in the petition. Based thereon, our job is to determine “whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.” Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
03-0960, p. 6 (La.App. 4 Cir. 11/26/03), 862 So.2d 271, 277.
DETRIMENTAL RELIANCE/ESTOPPEL
Ms. Coard alleges that the trial court erred because her cross claim states a cause of action for detrimental reliance/equitable estoppel. In opposition, Mr. Joseph avers that the trial court did not err because there is no specific language in the pleading establishing a cause of action for detrimental reliance or equitable estoppel. He also asserts that even if Ms. Coard’s cross claim states a cause of action, her claims are prescribed.
The purpose of an exception of no cause of action is to test the sufficiency of the petition, questioning whether the plaintiffs allegations, if taken as true, afford him a remedy at law. Johnson v. T.L. James & Co., 93-1170, p. 3 (La.App. 1 Cir. 4/8/94), 635 So.2d 744, 745. The exception of no cause of action should be granted only when “it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief.” Industrial 4Companies, Inc. v. Durbin, 02-0665, p. 7 (La.1/28/03), 837 So.2d 1207, 1213; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007, 1018 (La.1993). “Recovery may be granted to a party under any legal theory justified by the facts pled.” Bains v. The Young Men’s Christian Association of Greater New Orleans, Louisiana, 06-1423, p. 4 (La.App. 4 Cir. 10/3/07), 969 So.2d 646, 649. Accordingly, we review the facts as pled by Ms. Coard in her cross claim to determine if she may be entitled to recovery.
Ms. Coard’s cross claim alleges that she was present when Mr. Joseph purchased the insurance policy from Direct General and that he placed her name on the policy. It also states that she had his permission to drive his car and that she did not know that Mr. Joseph had taken her off the insurance policy. She requests indemnification for the cost of the defense of her claim, for any sums which may be found to be due to the plaintiff, and for damages relative to mental anguish, inconvenience, and other emotional damages arising out of Mr. Joseph’s failure to provide her with automobile liability insurance.
La. C.C. art. 1967, entitled “Cause defined; detrimental reliance,” states:
*1243 Cause is the reason why a party obligates himself.
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee’s reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
Thus, in order to invoke the doctrine of detrimental reliance, the claimant must prove three elements: (1) a representation by word or conduct; (2) justifiable/reasonable reliance; and (3) a change in position to one’s detriment because of the reliance. Lakeland Anesthesia, Inc. v. United Healthcare of Louisiana, Inc., 03-1662, p. 18 (La.App. 4 Cir. 3/17/04), 871 So.2d 380, 393. The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. Doss v. Cuevas, 07-1803, p. 4 (LaApp. 1 Cir. 3/26/08), 985 So.2d 740, 743.
Established case law supports that when a petition is read to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. Adams v. Owens-Corning Fiberglas Corp., 04-1296, p. 3 (La. App 1 Cir. 9/23/05), 921 So.2d 972, 975-976, rehearing denied, writ denied 05-2501 (La.4/17/06), 926 So.2d 514. In applying this precept to our review of Ms. Coard’s cross claim, the petition asserts an action for detrimental reliance. The facts as pled suggest that Mr. Joseph 1) promised her insurance; 2) that she was justifiable in relying on that promise because she saw him add her name to the policy as an insured and he let her drive his vehicle; and 3) she relied on that promise to her detriment inasmuch as she has to cover the costs of her own defense and faces personal liability for damages incurred by Ms. Gaspard/State Farm. Therefore, although Ms. Coard does not specifically name detrimental reliance as her theory of recovery in her cross claim, the trial court erred in granting the exception.
Having determined that Ms. Coard’s cross claim states a cause of action for detrimental reliance, we now review Mr. Joseph’s contention that any claim for detrimental reliance is barred by prescription. Mr. Joseph relies on La. C.C.P. art. 1067 to support that argument. That article provides in part that an incidental demand is not barred by prescription or per-emption if it was not barred at the time the main demand was filed and is filed within ninety days of the date of service of the main demand. He therefore surmises that, in the instant matter, the cross claim has prescribed because more than five years has lapsed since the service of | fithe main demand on Mr. Joseph. We disagree. Ms. Coard’s cross claim seeks indemnification and damages based on a tor-tious act. She has not yet been cast in judgment. Therefore, prescription has not yet begun to run because the cause of action has not matured. Wiggins v. State Through Dept. of Transp. & Development, 97-0432 (La.App. 1 Cir. 5/15/98), 712 So.2d 1006, 1010-1011.
Similarly, Mr. Joseph’s argument that the detrimental reliance claim is barred because Ms. Coard did not specifically raise estoppel as a defense in her cross claim also fails. He notes that when the trial court granted the exception of no cause of action in the instant matter, it opined that to the extent Ms. Coard in *1244 voked the doctrine of equitable estoppel[1] at the hearing on the exception and in her brief, the defense was not urged on a timely basis. The trial court referenced La. C.C.P. art. 1005 that provides in part:
The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estop-pel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense.
The court reasoned that equitable estoppel had not been pled in Ms. Coard’s answer; hence, she was precluded from urging that defense for the first time in her brief and in argument. Norvell v. Crichton, 150 So.2d 621 (La.App. 4th Cir.1963).
However, we agree with Ms. Coard that the allegations raised in her cross claim make an affirmative demand for recovery, rather than raise a defense of |7estoppel. Accordingly, the provisions of La. C.C.P. art. 1005 do not apply to time bar any claim for detrimental reliance/estoppel.
BREACH OF STATUTORY OBLIGATION TO PROVIDE INSURANCE COVERAGE TO DRIVERS
Ms. Coard also avers that the trial court erred because Mr. Joseph violated his statutory obligation to provide insurance coverage to her as a permitted driver of his vehicle. While this Court finds no statute or caselaw that imposes an obligation on the owner to provide insurance coverage to drivers of his vehicle, this assignment of error is moot. Where the operative facts of a petition state any cause of action under any theory of recovery, the exception must be overruled. See Everything on Wheels Subaru, Inc., v. Subaru South, Inc., 616 So.2d 1234, 1236-1239 (La.1993). Here, we find that the facts of Ms. Coard’s cross claim state a cause of action for detrimental reliance; hence, we must reverse the trial court’s decision to grant the exception of no cause of action.
DECREE
Accordingly, for the reasons stated above, we reverse the trial court and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED
McKAY, J., dissents.

. The elements of estoppel: (1) a representation; (2) a justifiable reliance; and (3) a change in position to one's detriment because of the reliance are the same elements to support an action for detrimental reliance as outlined in La. C.C. art. 1967. See also Wilkinson v. Wilkinson, 323 So.2d 120, 126 (La.1975). In the case at bar, the parties appear to argue the concepts interchangeably.